UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADRIENNE HOOD,**

    **Plaintiff,**

    **v.**
        Civil Action 2:17-cv-471
        Judge George C. Smith
        Magistrate Judge Elizabeth P. Deavers

**CITY OF COLUMBUS,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Defendants' Motions to Enforce Deposition Subpoenas of Shantel Anderson, Edward Jackson, and Anthony Torres. (ECF Nos. 41, 42 & 43.) All three are eyewitnesses to the police shooting incident that was the genesis of this lawsuit. On November 8, 2017, Defendants provided witness fees and a subpoenas commanding Jackson and Torres to appear and testify at a deposition occurring on January 16, 2018, at the Columbus City Attorney's office. (ECF No. 42-1.) On November 29, 2017, Defendants provided witness fees and a subpoena commanding Anderson to appear and testify at a deposition occurring on January 8, 2018, at the Columbus City Attorney's Office. (ECF No. 41-1.) Anderson, Jackson, and Torres failed to appear for their depositions. Defendants now move the Court to grant enforcement of the subpoenas and order Anderson, Jackson, and Torres to appear for a deposition.

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1).

The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Defendants filed their original motions on November 13, 2017, and no such objection was filed in this case. (ECF Nos. 30 & 31.)

In order to obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must notice the deposition and properly serve the non-party with a deposition subpoena pursuant to Rule 45. *See* Fed. R. Civ. P. 45(a) (1)(A)(iii). A deposition subpoena must be issued "from the court for the district where the deposition is to be taken," Fed. R. Civ. P. 45(a)(2)(B), and such a subpoena is properly served on a non-party deponent only within the district of the court issuing the subpoena, at any place outside that district, if the deposition is to be held at a place within the district that is 100 miles or less from the place of service, or at any other location permitted by state law for a state court of general jurisdiction sitting within the district. Fed. R. Civ. P. 45(b)(2). Rule 45 also sets forth specific requirements for the manner of service and for items, for example, fees, which must be tendered along with the subpoena. *See* Fed. R. Civ. P. 45(b)(1). Where these rules are properly followed, the Court which issued the subpoena may enforce it; otherwise, it lacks the power to do so. *See, e.g.*, *Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-278, 2011 WL 3941982, at *3 (S.D. Ohio Sept. 6, 2011); *Apache Corp. v. Globalsantafe Drilling Co.*, No. 06-1643, 2009 WL 872893, at *3 (W.D. La. March 26, 2009) (court has no power to enforce facially invalid subpoena).

Here, Defendants have complied with all of the above-mentioned requirements. For good cause shown, the Motions are **GRANTED**. (ECF Nos. 41, 42 & 43.) Jackson is **ORDERED TO APPEAR** at the Columbus City Attorney's Office on **MARCH 12, 2018, at 9:00 a.m.** to

testify at a deposition.  Torres is **ORDERED TO APPEAR** at the Columbus City Attorney's Office on **MARCH 12, 2018, at 1:00 p.m.** to testify at a deposition.  Anderson is **ORDERED TO APPEAR** at the Columbus City Attorney's Office on **MARCH 26, 2018, at 9:00 a.m.** to testify at a deposition.

    **IT IS SO ORDERED.**

Date: January 19, 2018　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE