# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ADRIENNE HOOD,**

    **Plaintiff,**

    v.

                                   Civil Action 2:17-cv-471
                                   Judge George C. Smith
                                   Magistrate Judge Elizabeth P. Deavers

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**

## ORDER, REPORT AND RECOMMENDATION, and CERTIFICATION OF FACTS

This matter is before the Undersigned for a Report and Recommendation and a Certification of Facts regarding contempt pursuant to 28 U.S.C. § 636(e)(6)(B). For the reasons that follow, it is **RECOMMENDED** that (1) that non-party Anthony Torres be held in civil contempt; (2) that Mr. Torres be either compelled to make himself available for deposition or barred from providing any testimony during any motion, hearing, or trial in this matter; and (3) that Mr. Torres be ordered to reimburse Defendants in the amount of $569.33 for the expenses incurred due to his failure to attend duly noticed depositions in January 2018 and March 2018.

### I. MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.") Section (e)(6)(B), which applies in civil cases where the parties have not consented to final judgment by the magistrate judge, provides as follows:

> **(6) Certification of other contempts to the district court**.—Upon the commission of any such act—
>
> \* \* \*
>
>> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>>
>>> (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
>>>
>>> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>>>
>>> (iii) the act constitutes a civil contempt,
>>
>> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B) (emphasis in original).

Thus, a "magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (collecting cases establishing the proposition). Such a certification "serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *In re Warren Easterling Litigation*, No. 3:14-mc-11, 2014 WL 3895726, at *1 (S.D. Ohio Aug. 8, 2014) (internal quotation marks and citation omitted).

## II. CERTIFIED FACTS

On June 1, 2017, Plaintiff, the administrator of Henry Green V's estate, filed this wrongful death action against Defendants. (ECF No. 1.) On November 9, 2017, Defendants gave notice to Mr. Torres, a non-party fact witness, that they intended to depose him on January 16, 2018. (ECF No. 29.) After Mr. Torres failed to appear for her deposition and on January 16, 2018, Defendants filed their Motion to Enforce Subpoena on January 17, 2018. (ECF No. 43) On January 19, 2018, for good cause, the Court ordered Mr. Torres to appear at a deposition on March 12, 2018. (ECF No. 46.) Mr. Torres did not appear at his deposition or otherwise respond to the Court's Order. Defendants incurred $569.33 for expenses related to Mr. Torres' failure to appear at the two depositions. (ECF No. 56-1 at 2.) On March 14, 2018, Defendants moved for an order to find Mr. Torres in contempt for her failure to comply with the Court's Order. (ECF No. 56.)

On March 15, 2018, the Court ordered Mr. Torres to respond in writing to Defendants' motion by March 29, 2018 or risk being held in contempt. (ECF No. 58.) To date, Mr. Torres has not responded to any of the Court's Orders.

## III. ANALYSIS

Mr. Torres' failure to respond to the Court's Orders constitutes disobedience of lawful court orders and thus amounts to contempt. The Court has inherent authority to assure compliance with its orders through civil contempt. *S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to hold in contempt a party—or the party's officer, director, or managing agent—if the party fails to

comply with the court's discovery order). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him or her or it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted). Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

In the instant action, the record reflects that while Mr. Torres has received adequate notice of Defendants' subpoenas and the Court's Orders, he has persisted in ignoring the Court's directives. In addition, Mr. Torres has offered no evidence that he is presently unable to comply with these Orders. Mr. Torres' failure to comply with these Orders without any justification therefore constitutes contempt. Under these circumstances, the Undersigned finds that civil contempt sanctions are appropriate.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** (1) that non-party Anthony Torres be held in civil contempt; (2) that Mr. Torres be either compelled to make himself available for deposition or barred from providing any testimony during any motion, hearing, or trial in this matter; and (3) that Mr. Torres be ordered to reimburse Defendants in the amount of $569.33 for the expenses incurred due to his failure to attend duly noticed depositions in January and March 2018.

The Clerk is **DIRECTED** to send a copy of this Order and Report and Recommendation as well as the prior Orders (ECF Nos. 46 & 58) via regular and certified mail to Anthony Torres 2462 McGuffey Rd. Columbus, Ohio 43211.  The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waiver. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted))

Date: April 17, 2018                    /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE