# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ADRIENNE HOOD,

                                     **Case No. 2:17-cv-471**
                                     **JUDGE EDMUND A. SARGUS, JR.**
          **Plaintiff,**              **Magistrate Judge Elizabeth Preston Deavers**

     **v.**

JASON BARE, *et al.,*

          **Defendants.**

## MOTION *IN LIMINE* ORDER

This matter is before the Court on Defendants' Motion *in Limine*, (ECF No. 290, hereinafter "Defs.' Mot."), Plaintiff's Response in Opposition (ECF No. 294, hereinafter "Pl.'s Resp."), and Defendants' Supplemental Motion *in Limine* (ECF No. 319, hereinafter "Def.'s Mot II"). For the following reason, the Court **GRANTS IN PART AND DENIES IN PART AND HOLDS IN ABEYANCE IN PART** Defendants' Motions.

## I.

This matter arises out of the fatal police-involved shooting of Henry Green, V by Columbus Police Officers Jason Bare and Zachary Rosen on June 6, 2016. (Compl. ¶ 1, ECF No. 1.) Plaintiff, the executor of Mr. Green's estate, commenced this lawsuit on June 1, 2017, against Bare and Rosen, Eric Pilya, Gary Cameron, Kim Jacobs, and the City of Columbus. (*Id.* at ¶¶21–26). Plaintiff brings claims of wrongful: death pursuant to 42 U.S.C. § 1983 and Ohio Revised Code § 2125.01, excessive force and unreasonable seizure in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, racial discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment,

state law claims of assault and battery, and a *Monell* Claim against the City of Columbus. (*See Id.* ¶¶181, 189, 196, 205, 211–228). On September 26, 2019, another judge of this Court granted summary judgment to Defendants on all claims asserted in this action. (*See* Op. & Order at 1, 35, ECF No. 259).

On appeal, the Sixth Circuit affirmed summary judgment as to Pilya, Cameron, Jacobs, and the City, but granted summary judgment only in part with respect to Bare and Rosen. (*See* App. Op. at 6–15, ECF No. 263). The Sixth Circuit held that the Bare and Rosen's "Initial Shots" were objectively reasonable and did not violate Green's constitutional rights, but there was a genuine issue of material fact as to "whether the Officers continued to shoot at Green after he was no longer a physical threat." (*Id.* at 12). Consequently, this case proceeds to trial on the issue of whether the Officers' "Last Shots" were an unreasonable use of force in violation of Green's constitutional rights. (*See Id.* at 12, 15).

## II.

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997)). Notwithstanding this well-meaning purpose, courts are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the

actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.,* 2 F. Supp.2d 1385, 1388 (D.Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.,* 326 F.Supp.2d at 846; *Koch,* 2 F.Supp.2d at 1388; *cf. Luce,* 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.,* 326 F. Supp.2d at 846.

**III.**

Defendants Bare and Rosen (collectively "the Officers") now move *in limine* to exclude evidence: (1) related to Plaintiff's dismissed Equal Protection claims; (2) related to Plaintiff's dismissed municipal liability claims; (3) criticizing the Officers' approach of Henry Green and the "Initial Shots"; (4) criticizing the medical care provided to Green; (5) relating to any other lawsuits, complaints, investigations, discipline, or incidents involving Bare and Rosen; (6) excluding any witnesses or exhibits not properly disclosed or exchanged in accordance with the Court's Pretrial Order. (Defs.' Mot. at 1). Defendants, in their supplemental motion, move to exclude: (7) Dr. Michael Lyman's testimony; (8) Plaintiff's expert reports and audio file of the City's investigation; and (9) Defendants' responses to Plaintiff's requests for admission (Defs.' Mot. II at 10–11).

## A. Plaintiff's Dismissed Equal Protection Claims

Defendants argue that because the Court dismissed the Equal Protection claim and found the Officers did not racially discriminate against Green, "Plaintiff should be precluded from making any inquiry, comment, or argument that the incident had anything to do with race or racial discrimination." (*Id.* at 5). Defendants further contend that Plaintiff should be precluded from mentioning "institutional racism or any historical or recent incidents involving law enforcement and Black and Brown individuals" because these matters are "irrelevant, unfairly prejudicial, and confusing to the jury." (*Id.*)

Plaintiff responds that this "would largely prohibit Plaintiff from trying her case" because the facts of this case are "a recent incident (a shooting) involving law enforcement (the Defendants) and the people in the neighborhood where the shooting occurred including the person killed, who are Black and Brown individuals." (Pl.'s Resp. at 1–2).  Plaintiffs are also concerned that Defendants have not agreed to follow the same restrictions so that Defense witnesses could speak on the matter while Plaintiff's witnesses could not. (*Id.* at 2).

This case involves the actions of two Columbus police officers, not the entire Columbus Division of Police. Plaintiff may, of course, present any otherwise admissible evidence relating to the two officers. Matters of race discrimination, institutional racism, and historical and recent incidents involving law enforcement are generally not admissible against individual defendants. Fed. R. Evid. 401, 403. The Court therefore **GRANTS** Defendants' motion to preclude the parties from discussing race discrimination, institutional racism, or other incidents outside this case involving law enforcement, unless such matters involve the individual defendants.

**B. Plaintiff's Dismissed Municipal Liability Claims**

Next, Defendants argue that because the Court granted summary judgment in favor of the

City, Plaintiff should be precluded from making any inquiry, comment, or argument about the

City's "policies, practices, customs and/or usages" related to the following:

- The City trains and authorizes its officers to act recklessly and aggressively with regard to the use of force on citizens. (Compl. ¶ 176 (a)).

- The City hires, retains and assigns officers with demonstrably unreasonable 6 decision-making patterns and patterns of misconduct. (*Id.* at ¶ 176 (b))

- The City has a policy of subjecting citizens to unreasonable uses of force and unreasonable seizures. (*Id.* at ¶ 176 (c)).

- The City allows officers to violate the constitutional rights of citizens and take other unlawful action against citizens. (*Id.* at ¶ 176 (d)).

- The City fails to adequately train officers regarding the use of force and the use of lethal force. (*Id.* at ¶ 176 (e)).

- The City fails to adequately train officers on plainclothes tactics and negligently assigns officers to plainclothes duty. (*Id.* at ¶ 176 (f)).

- The City fails to adequately supervise officers. (*Id.* at ¶ 176 (g)).

- The City fails to adequately discipline officers. (*Id.* at ¶ 176 (h)).

- The City fails to perform drug and alcohol tests on officers after their involvement in police shootings. (*Id.* at ¶ 176 (i)).

- The City authorized the Summer Strike Force/Community Safety Initiative to continue on for years while negligently assigning, supervising and retaining officers working in the program. (*Id.* at ¶ 176 (j)).

- Plaintiff alleged that the officers working this program were known as "The Jumpout Boys," and they made a practice of jumping out of unmarked vehicles and aggressively confronting citizens while wearing plain clothes and failing to identify themselves. (*Id.* at ¶¶ 5- 11, 30-43).

- The City set numbers-based goals for the Summer Strike Force/Community Safety Initiative. (*Id.* at ¶ 176 (k)).

- The City fails to adequately investigate police-involved shootings and allows officers concessions during investigations of police-involved shootings. (*Id.* at ¶¶ 176 (l), 226).

- The City condones and encourages officers in the belief that they can violate the constitutional rights of individuals and that such conduct will not adversely affect their opportunities for promotion and other employment benefits. (*Id.* at ¶ 176 (m)).

- The City failed to properly investigate the actions of Bare and Rosen, which, according to Plaintiff, would have included that Bare and Rosen have participated in a pattern of conduct that was racially discriminatory and/or unconstitutional. (*Id.* at ¶¶ 215–216).

- The City fails to adequately investigate and discipline police officers who exhibit 7 racially motivated and/or unconstitutional conduct. (*Id.* at ¶ 218).

- The City allows officers to exhibit racially motivated and/or unconstitutional conduct. (*Id.* at ¶ 219).

- The City exhibits racially motivated and/or unconstitutional conduct. (*Id.* at ¶ 220).

- The City fails to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct. (*Id.* at ¶ 221).

- The City negligently retained Defendants Bare and Rosen. (*Id.* at ¶ 222).

- The City negligently retains police officers who exhibit racially motivated and/or unconstitutional conduct. (*Id.* at ¶ 223).

- The City failed to adequately train Bare and Rosen. (*Id.* at ¶ 224).

- The City has a policy or practice of failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct. (*Id.* at ¶ 225).

- Civil rights investigations, previous lawsuits including, but not limited to, the City's 1999 Department of Justice case, Matrix Consulting's review of CPD, and any of the City's police reform measures, including its request for the DOJ to review CPD's current policies, practices, and customs. (Def.'s Mot. at 7).

Defendants further move to preclude "any statement, reference or implication that the City is still a defendant or that the City might indemnify Bare and Rosen." Defendants move to preclude admission of Plaintiff's Exhibit 8, "After Action Report – 2016 Community Safety Initiative." (Defs.' Mot. II at 2). Defendants claim all the allegations above and Exhibit 8 are "inappropriate, irrelevant, and unduly prejudicial." (*Id.*)

Plaintiff responds that she will not raise municipal liability claims at trial, but "it is certainly within the realm of possibility that the City could become involved in the trial" because the shooting was located in Columbus, the Defendants were employed by the City of Columbus at the time, and Mr. Green and the witnesses were residents of Columbus. (Pl.'s Resp. at 2).

The Court **GRANTS** Defendants' motion to exclude City policies for purposes of discussing the City's liability because that claim was dismissed, and the City's possible indemnification of the Officers because it is unduly prejudicial to the defendants. Although the Court does not have Exhibit 8, "After Action Report – 2016 Community Safety Initiative," this exhibit is inadmissible to the extent Plaintiff uses it to comment on City polices and procedures.

Defendants' knowledge of and adherence or non-adherence to the City's policies, practices, and customs is, however, relevant and admissible to determine whether the Officers' "Last Shots" were reasonable. District courts in the Sixth Circuit regularly admit evidence of police policies as relevant to determine whether a reasonable officer on the scene would have utilized the same amount of force. *See, e.g.*, *Kidis v. Reid*, 2018 U.S. Dist. LEXIS 177441 at *15 (E.D. Mich. October 16, 2018); *Smith v. Jones*, 2016 U.S. Dist. LEXIS 14317, at *9 (N.D. Ohio Feb. 5, 2016); *McDonald v. City of Memphis*, 2016 U.S. Dist. LEXIS 193726, at *4 (W.D. Tenn. Aug. 26, 2016). The parties may, therefore, present evidence of the City's policies related to what the Officers knew about the policies and whether their conduct conformed to the policies.

**C.  The Officers' Approach of Green and the "Initial Shots"**

Defendants argue that because the Court granted summary judgment on all claims regarding the "Initial Shots," "Plaintiff should be precluded from making any inquiry, comment, or argument regarding the "lead up to and reasonableness of the 'Initial Shots'" including statements that:

- Officers failed to adequately identify themselves as police officers before the "Initial Shots" were fired.

- Officers (a) w[ore] plain clothes, (b) fail[ed] to adequately display their badges, and (c) operat[ed] an "unmarked white 2015 GMC Acadia SUV with tinted windows and out of state license plates."

- Rosen had plenty of time to drive safely, i.e., not speed, toward Green and Rutledge, stop before almost hitting them.

- The driver of the GMC (Rosen) began shooting at Green at about the same time as the GMC stopped. No warning was given. Rosen was inside or just stepping out of the GMC when he fired two shots, one through the window on the driver's side door, which shattered the glass; and then he stepped around the door and window and fired another shot.

- At least one and maybe both of those shots hit Green while Green was walking north toward the sidewalk and away from the GMC and Rosen with his hands down at his sides.

- Green did not have his gun out and was not pointing his gun at Rosen when Rosen shot him.

- Green did not pose a threat to Rosen, Bare or any bystanders at the time this shooting began.

- Rosen was the first to shoot during the incident. Green did not pull his gun out until after Rosen had fired the two shots at Green.

- At least one of Plaintiff's witnesses were critical of the Officers because the gunfight put non-parties (e.g., children and neighbors) at risk.

(Defs.' Mot. at 7–8). Defendants contend that "these or similar matters do not relate to the reasonableness of the 'Last Shots' and Green's rights. Any evidence pertaining to these allegations is irrelevant and confusing to the jury." (*Id.*)

Plaintiff responds that these facts "set the stage for the jury to provide context and perspective, such as how Mr. Green and Defendants got to that point." (Pl.'s Resp. at 3). The "Initial Shots" are relevant to show "why Mr. Green was no longer a physical threat." (*Id.*)

In their supplemental Motion *in Limine*, Defendants argue that it is inappropriate for the Plaintiff to reargue the reasonableness of the approach and initial shots and therefore the following should be precluded:

- Officer Bare's testimony that he had no prior knowledge or history with Green; (2) had no reason to believe that Green was connected to any prior violent or gang activity; (3) had no indication and made no allegations that Green appeared to be under the influence of drugs or alcohol.

- Dr. Michael Lyman's testimony that "Rosen and Bare were not properly identified."

- Christian Rutledge's testifying about the Officers' approach.

(Defs.' Mot. II at 4).

At this juncture, the Court shall permit evidence of the "Initial Shots" and the events leading up to the "Initial Shots" so that the jury can understand the context of the "Last Shots." The Court will offer a limiting instruction to the jury that the Court of Appeals already decided the "Initial Shots" segment of the case and the jury will decide only the "Last Shots" portion of the case. The jury would be instructed to consider the events leading up to the incident and the "Initial Shots" for the limited purpose of contextualizing the "Last Shots." The parties should come prepared to discuss this issue at the Final Pretrial Conference.

**D.  Medical Care Provided to Green**

Defendants move to exclude evidence of medical care provided to Mr. Green because "Plaintiff has neither alleged any impropriety regarding the medical care provided to Green nor asserted any denial of medical care claims" and therefore "[a]ny such argument at trial would be inappropriate, irrelevant, and unduly prejudicial." (Defs.' Mot. at 9.) Plaintiff claims that there is no reason to exclude this evidence because Plaintiffs are not alleging it. (Pl.'s Resp. at 4.) Since Plaintiff avers that she will not admit evidence of the medical care or lack thereof provided to Mr. Green, the Court **DENIES** as moot Defendants' motion to exclude evidence of medical care.

9

### E. Evidence of Lawsuits, Complaints, Investigations, Discipline, or Incidents Involving Bare and Rosen

Defendants argue that Plaintiff should be "precluded from making any inquiry, comment, or argument pertaining to any other uses of force by Bare or Rosen, or any other lawsuits, complaints, investigations, discipline, or incidents other than the one at issue," which includes "all matters in Paragraphs 45–82 of Plaintiff's Complaint." (Defs.' Mot. at 9). This evidence allegedly includes the following Plaintiff exhibits:

- Exhibit 9: Jason Bare Personnel File

- Exhibit 10: Zachary Rosen Personnel File

- Exhibit 12: Correspondence with City of Columbus

- Exhibit 27: Misdemeanor Citation for Bare

- Exhibit 29: Columbus Division of Police, Pre-employment Questionnaire Booklet

- Exhibits 32 and 33: Employment Action Review System documentation regarding Bare

- Exhibits 34 and 35: Intra-Divisional Use of Force Investigation of Bare and Rosen

- Exhibit 38: Citizen Complaint Investigation Rosen by Dustin Fistick

- Exhibit 39: Applicant Tracker Rosen

- Exhibit 44: Disposition of Administrative Investigation Rosen 05/08/2017

- Exhibit 45: Suspension of Rosen 06/14/2017

- Exhibit 46: Director's Hearing 07/10/2017

(Pl.'s Exh. List, ECF No. 298; Defs.' Mot. II at 2–3, 6–7). Defendants also move to exclude Deputy Chief Thomas Quinlan's proposed testimony about CPD's post-incident administrative review and Sgt. Traci Shaw's proposed testimony of the use of excessive force. (Defs.' Mot II at 3). Additionally, Defendants move to exclude Demarko Anderson's testimony about Officer Rosen's alleged excessive use of force in an incident after the June 6, 2016 incident. (Defs.' Mot.

10

II at 7). Defendants claim this evidence is confusing, unduly prejudicial and irrelevant to whether the Officers' force was unreasonable, and, if admitted, would violate Federal Rule of Evidence 404(b).

Plaintiff first contends that the Officers' police records "reflect their inherently violent nature and use of excessive force" and that "they again demonstrated their inherently violent nature and use of excessive force by shooting Mr. Green while he was lying face down and not moving." (Pl.'s Resp. at 5). Here, Plaintiff suggests using the previous lawsuits, investigations, and incidents as propensity evidence to show that the Officers acted in conformity with previous bad acts when they shot Mr. Green. This is precluded by Fed. R. Evid. 404(b)(1), which states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See Helfrich v. Lakeside Park Police Dep't*, 497 F. App'x 500, 507 (6th Cir. 2012) (affirming the exclusion of prior bad acts to prove the defendant officer "is the sort of person who would unjustifiably tase someone, which tends to show that his tasing of [the plaintiff] is also unjustified.").

Plaintiff also suggests using evidence of previous lawsuits, investigations, incidents, etc. in the police records as evidence of the Officers' motive "to commit violence on fellow humans" and the Officers' "opportunity to do so by being a police officer." (Pl.'s Resp. at 5). Fed. R. Evid. 404(b)(2) permits the use of previous acts to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident." To determine whether evidence is admissible under one of the alternative 404(b)(2) purposes, the Sixth Circuit follows a three-part test:

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the district court must

11

> decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013). "To satisfy the second part of the test, the evidence must be offered for a permissible purpose, that purpose must be material or "in issue" in the case, and the evidence must be probative with regard that purpose." *Simmons v. Napier*, 626 F. App'x 129, 135 (6th Cir. 2015) (citing *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011)).

Based on this law, the Court finds no permissible 404(b) purpose for the evidence of Bare and Rosen's other uses of force, lawsuits, complaints, investigations, discipline, or incidents other than the one at issue. Whether the Officers had the opportunity to fire at Mr. Green is not "in issue" in this case. *See Simmons*, 626 F. App'x at 135. Additionally, the Officers' motive for shooting Mr. Green is not relevant to determine whether they objectively used reasonable force. *Helfrich*, 497 F. App'x at 507 ("the officer's actual motives in using a particular degree of force are irrelevant.").

Moreover, the Officers' background checks and internal investigation reports (ECF No. 184, Exhs. A–EE; ECF No. 185, Exhs. A–Q) did not lead to criminal charges and are dissimilar to the facts of this case. *See Spencer v. McDonald*, 705 F. App'x 386, 388 (6th Cir. 2017) (affirming the exclusion of a sexual assault internal investigation because plaintiff failed to show "how the sexual assault investigation, which did not result in criminal charges or discipline for excessive force…is relevant to what occurred during the [plaintiff's] traffic stop."); *Lucijanic v. Ball*, Case No. 2:04-cv-751, 2006 U.S. Dist. LEXIS 116899, at *10–11 (S.D. Ohio August 30, 2006) ("Plaintiff has also not shown that any of these alleged incidents were sufficiently similar to the incident in this case such that evidence of these other incidents would be admissible under

Rule 404(b)"). Therefore, the Court **GRANTS** Defendants' motion to exclude evidence of the Officers' other acts absent a foundational evidentiary basis.

### F. Witnesses or Exhibits Not Properly Disclosed or Exchanged

Defendants contend that because Plaintiff failed to file witness and exhibit lists in accordance with Court deadlines, "Plaintiff should be precluded from calling any witness or presenting any exhibits except those properly disclosed and exchanged by the Defendants or stipulated to by the parties." (Defs.' Mot. at 10). The Court extended Plaintiff's deadline to submit a witness list and exhibit list to October 21, 2021, and therefore **DENIES as moot** this part of the motion.

Defendants also move to exclude Plaintiff's Exhibits 17 and 22, which have not been produced to Defendants, and Exhibit 26, which was produced for the first time on Monday, October 25, 2021. (Defs.' Mot. II at 10). The Court **ORDERS** Plaintiff to produce Exhibits 17 and 22 to Defendants immediately. The Court further **HOLDS IN ABEYANCE** this part of the motion until the Court can review the exhibits at the Final Pretrial Conference. The parties should bring and prepare to discuss Plaintiff's Exhibits 17, 22, and 26.

### E. Expert Legal Conclusions

Defendants argue that Dr. Michael Lyman's testimony that "the use of deadly force by officers Rosen and Bare was unnecessary, excessive and unreasonable under the circumstances" is an inadmissible legal conclusion under Rule 702. (Defs.' Mot. II at 9–10). Federal Rule of Evidence 704(a) permits Dr. Lyman to offer an opinion which "embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). The ultimate issue in this case is whether the Officers used excessive force in shooting the "Last Shots" at Green. The Sixth Circuit has held that "[w]hen the rules [of evidence] speak of an expert's testimony embracing the ultimate issue,

the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue." *DeMerrell v. City of Cheboygan*, 206 F. App'x 418, 426–427 (6th Cir. 2006) (citing *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994)). Thus, Dr. Lyman may not make a legal conclusion that the Officers' "Last Shots" were objectively unreasonable or excessive, which is for the jury to decide. Dr. Lyman may, however, provide the remainder of his opinions related to whether the Defendant Officers' conduct was consistent with nationally recognized policing standards and policing guidelines or with the policies of the Columbus Police Department. The Court **GRANTS** this part of Defendants' motion.

**F.  Hearsay Exhibits**

Defendants move to exclude Sergeant Traci Shaw's expert reports (Exhibit 50 and 51), expert Matthew Noedel's handwritten notes (Exhibit 47), and an audio recording related to the City's investigation of the shooting as inadmissible hearsay unless they are used for impeachment purposes. (Defs.' Mot. II at 11). These are out-of-court statements and therefore inadmissible to the extent they are offered to show the truth of their contents, unless an exception to hearsay applies. Fed. R. Evid. 801, 802, 803. The Court **GRANTS** Defendants' motion to exclude these absent an admissible basis under Fed. R. Evid. 803.

**G.  Requests for Admission**

Defendants move to exclude the Officers' responses to requests for admission because it includes some requests that were denied and topics address in their motion *in limine* (Pl.'s Exhibit 48 and 49). (Defs.' Mot. II at 11). Because the requests are not denied as a whole, and additional context would assist the Court, the Court **HOLDS** this part of the motion **IN ABEYANCE**.

14

**IV**.

For the foregoing reasons, the Court, in accordance with this Opinion and Order,

**GRANTS IN PART AND DENIES IN PART AND HOLDS IN ABEYANCE IN PART**

Defendants' Motion *in Limine* (ECF No. 290) and Defendants' Supplemental Motion in Limine

(ECF No. 319). The Court **ORDERS** Plaintiff to produce Exhibits 17 and 22 to Defendants

immediately. As with all *in limine* decisions, this ruling is subject to modification should the

facts or circumstances at trial differ from that which has been presented in the pre-trial motion

and memoranda.

**IT IS SO ORDERED.**

**10/28/2021**                            **s/Edmund A. Sargus, Jr.**
**DATE**                                      **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**