UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADRIENNE HOOD,

                       Case No. 2:17-cv-471
                       JUDGE EDMUND A. SARGUS, JR.
     Plaintiff,           Magistrate Judge Elizabeth Preston Deavers

    v.

JASON BARE, *et al.*,

     Defendants.

**MOTION *IN LIMINE* ORDER**

This matter is before the Court on Plaintiff's Motion *in Limine*, (ECF No. 299, hereinafter "Pl.'s Mot."). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART AND HOLDS IN ABEYANCE IN PART** Plaintiff's Motion.

**I.**

This matter arises out of the fatal police-involved shooting of Henry Green, V by Columbus Police Officers Jason Bare and Zachary Rosen on June 6, 2016. (Compl. ¶ 1, ECF No. 1.) Plaintiff, the executor of Mr. Green's estate, commenced this lawsuit on June 1, 2017, against Bare and Rosen, Eric Pilya, Gary Cameron, Kim Jacobs, and the City of Columbus. (*Id.* at ¶¶21–26). Plaintiff brings claims of wrongful death pursuant to 42 U.S.C. § 1983 and Ohio Revised Code § 2125.01, excessive force and unreasonable seizure in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, racial discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment, state law claims of assault and battery, and a *Monell* Claim against the City of Columbus. (*See Id.* ¶¶181, 189, 196, 205, 211–228). On September 26, 2019, another judge of this Court granted

summary judgment to Defendants on all claims asserted in this action. (*See* Op. & Order at 1, 35, ECF No. 259).

On appeal, the Sixth Circuit affirmed summary judgment as to Pilya, Cameron, Jacobs, and the City, but granted summary judgment only in part with respect to Bare and Rosen. (*See* App. Op. at 6–15, ECF No. 263). The Sixth Circuit held that the Bare and Rosen's "Initial Shots" were objectively reasonable and did not violate Green's constitutional rights, but there was a genuine issue of material fact as to "whether the Officers continued to shoot at Green after he was no longer a physical threat." (*Id.* at 12). Consequently, this case proceeds to trial on the issue of whether the Officers' "Last Shots" were an unreasonable use of force in violation of Green's constitutional rights. (*See Id.* at 12, 15).

## II.

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial.  See *Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997)). Notwithstanding this well-meaning purpose, courts are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.,* 2 F. Supp.2d

1385, 1388 (D.Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.,* 326 F.Supp.2d at 846; *Koch,* 2 F.Supp.2d at 1388; *cf. Luce,* 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.,* 326 F. Supp.2d at 846.

### III.

Plaintiff Adrienne Hood now moves *in limine* to exclude testimony relating to: (A) the Officers' background, experience, and training; (B) any evidence of the incident that does not speak to whether the officers stopped shooting Green after he was no longer a physical threat; (C) evidence that Green was under the influence of drugs or alcohol during the incident; (D) Green's lifestyle, job history, and education; (E) testimony offered to impeach Plaintiff's witnesses; and (F) testimony that Green said he would "die dumping at the boys."

**A.  Officers' Background, Experience, Training**

Plaintiff moves to exclude as irrelevant the background, experience, and training of Officers Bare and Rosen. (Pl.'s Mot. at 4, 6.) Defendants claim this evidence will "establish the reasons and manner" in which the Officers fired their guns at Green" and show why the Officers believed Green posed a serious threat of physical harm at all times they were shooting at Green. (Def.'s Witness List at 3.) The Court finds the Officers' background, experience, and training provides context and is relevant to whether they acted reasonably and stopped shooting at Green

3

after he was no longer a physical threat. Courts in the Sixth Circuit do not categorically exclude this evidence in § 1983 claims. *See Alvarado v. Oakland County*, 809 F. Supp. 2d 680, 691–692 (E.D. Mich. 2011) (allowing expert testimony of police policies and procedures to help the jury decide whether the officer's actions were objectively reasonable in a § 1983 case. The Officers' training may be considered by the jury so long as the training policies are not "understood to define the constitutional boundaries by which an officer's conduct is to be judged." *Luna v. Bell*, No. 3:11-cv-00093, 2013 U.S. Dist. LEXIS 202793, *20 n.3 (M.D. Tenn. Aug. 1, 2013).

Instead, the "reasonableness" of the Officers' use of force under the Fourth Amendment involves looking to the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The question is "whether the totality of the circumstances justifie[s] a particular sort of…seizure." *Tennessee* v. *Garner*, 471 U.S. 1, 8–9 (1985). Plaintiff's motion to exclude the Officers' trainings, background, and experience is **DENIED** to the extent the evidence is used for a proper purpose as explained above.

**B. Evidence of the Incident Before the "Last Shots"**

Plaintiff moves to exclude evidence of anything occurring before the "Last Shots" as irrelevant and misleading. This includes evidence of the police first encountering Green, how the shooting between Green, Bare, and Rosen began, and the first portion of the shooting, referred to as the "Initial Shots." This evidence supported the decision of the Sixth Circuit that found that the Initial Shots did not constitute excessive force in violation of Mr. Green's constitutional rights.  The Court will provide a limiting instruction to the jury as to the purpose for which this evidence may be utilized.  That is, the evidence is important to give the jury context of the "Last

4

Shots." Jurors "who hear a story . . . may be puzzled at the missing chapters." *Old Chief v. United States*, 519 U.S. 172, 189 (1997) (interpreting the scope of Rule 403).

Additionally, Plaintiff's request to preclude *all* evidence of the incident preceding the "Last Shots" is overly broad. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise."). Defendants' proposed evidence relating to events before the "Last Shots" is admissible absent an alternative reason for exclusion. This evidence includes, but is not limited to:

- Officers Bare and Rosen's testimony about how the incident began and the "Initial Shots."

- Officer Bryan Connelly's testimony of radio transmissions and cruiser video of the incident. (Def.'s Witness List at 2–3.)

- Forensic scientist Matthew Noedel's testimony regarding his background and qualifications, the bullet paths of the rounds fired during the gunfire exchange, the location of the recovered fired cartridge cases suggesting the locations of the shooters, and the paths of fired bullets from Green's gun suggesting Green's position while shooting at the Officers. (*Id.* at 3.)

- Detective Gregory Sheppard's testimony of evidence collected at the scene; lab reports related to evidence collected at the scene; photos taken of the scene; maps of the scene; the autopsy of Green's body; autopsy/toxicology reports; statements made by alleged witnesses. (*Id.* at 4.)

- Detectives Larry Shoaf and Bradley Morrow's testimony about the locations of evidence gathered at the scene, including firearms, shell casings, bullets, and the GMC Arcadia. (*Id.* at 5, 6.)

- Detective Stanley Latta's testimony about his photographs of the crime scene. (*Id.* at 9.)

- Robert Parker and Lynndsey Simon's testimony that Green had a Glock 30 gun on his person during the shooting. (*Id.* at 7.)

- Brittany Stowers's testimony that Green had a Glock 30 gun. (*Id.* at 8.)

- Kelby Ducat's testimony to authenticate lab reports, identify which guns the shell casings and bullets at the scene of the incident came from, and to show that Green fired at least 6 rounds during the incident. (*Id.* at 6.)

- Syreeta L. Hood's testimony about what she heard during the incident, (*Id.* at 9.)

- Commander Gary Cameron and Detective Eric Pilya's testimony about the storage and retrieval of the GMC Acadia. (*Id.*)

Thus, the Court DENIES this motion as overly broad.

**C. Green's Alleged Criminal Activity**

Plaintiff moves to exclude all testimony from Daniel D. Baker as irrelevant. (Pl.'s Mot. at 7.) Baker performed a post-mortem toxicology analysis on Green and will testify that he was intoxicated at the time of his death and had consumed marijuana or a marijuana product containing Delta-9-THC at some point before he died. Defendants offer this testimony only to show "damages, including potential lost earnings, because it is a criminal offense to use a firearm while intoxicated." (Def.'s Witness List at 5.) Defendants do not intend to use Green's alleged intoxication to show whether or not the Officers' actions were reasonable.

The Court finds that Green's post-mortem toxicology analysis is irrelevant to Plaintiff's damages claim. Whether Green would have been convicted or lost earnings based on his intoxication is speculative and would likely prejudice the jury. Because Defendants proffer the toxicology report only to rebut Green's lost earnings, the Court **GRANTS** the motion to exclude Baker's testimony that Green was intoxicated during the incident.

Plaintiff also moves to exclude Detective Gregory Sheppard's testimony that Green used a stolen gun during the incident and did not have a CCW permit as irrelevant and unfairly prejudicial. Defendants claim this evidence is relevant to rebut Plaintiff's damages calculations. (Def.'s Witness List at 4.) The Court finds this evidence is substantially more prejudicial than probative of Plaintiff's damages calculations. Fed. R. Evid. 403. The Court **GRANTS** the motion

6

to exclude Sheppard's testimony that Green used a stolen gun and did not have a CCW permit during the incident.

Plaintiff moves to exclude Alliyah Galusha-Smith's testimony of her relationship with Mr. Green and past incidents and police reports of domestic violence, which Defendants proposed to use to rebut Plaintiff's damages. (Def.'s Witness List at 2.) For the same reasons as above, the Court **GRANTS** the motion to exclude Alliyah Galusha-Smith's testimony of her relationship with Green and alleged incidents of domestic violence.

### D. Green's Lifestyle, Job History, and Education

Defendants propose to offer evidence of Green's lifestyle, job history, education, and alleged domestic violence to rebut Plaintiff's claims for damages. (*See generally* Def.'s Witness List.) Plaintiff moves to exclude this evidence as irrelevant and unfairly prejudicial. Since the Court lacks knowledge of what damages Plaintiff alleges, the Court **HOLDS** this motion **IN ABEYANCE**. If a party wishes to introduce the following evidence at trial, the party is **ORDERED** to first raise the issue with the Court outside the presence of the jury:

- Adrienne Hood's testimony of Green's educational background, job history, and lifestyle. (*Id.*)

- Testimony of Green's lifestyle or background from Alliyah Galusha-Smith (*Id.* at 2), Devonte Todd Lewis (*Id.* at 3), Brittany Stowers (*Id.* at 8), or Syreeta L. Hood (*Id.* at 9).

- Christian Rutledge and Jamar Jordan's testimony and text messages exchanged with Green allegedly showing Green's lifestyle (*Id.* at 6, 8).

- John Slosser's testimony to authenticate Green's phone to use Green's text messages to show damages. (*Id.* at 8.)

### E. Testimony to Impeach Witnesses

Plaintiff moves to exclude testimony from some of Defendants' witness for the purposes of impeaching other witnesses. Specifically, Defendants may call Erica Hickman and Harold

7

Newsome to rebut each other's' testimony (*Id.* at 8.), Thomas J. Ryan to impeach Jherri Alfred (Id.), Martin A. Kestner to impeach Jamar Jordan (*Id.* at 6), and Ricky A. Crum, Syreeta L. Hood, and Brittany Stowers to impeach Christian Rutledge. (*Id.* at 5, 8, 9). Because the Court does not know what the witnesses will say at trial, the Court cannot determine the proper scope of impeachment. The Court therefore **HOLDS** this motion **IN ABEYANCE**.

### F. Devonte Todd Lewis's Testimony

Last, Plaintiff moves to preclude Devonte Todd Lewis's testimony that Green "always said he's going out dumping at the boys," which means that Green always said he would die shooting at the police. Defendants offer this testimony to show "Green's intent and state of mind." (Def.'s Witness List at 3.) The Court agrees with Plaintiff that Green's intent and state of mind is irrelevant to whether the Officers used reasonable force and stopped shooting after Green was no longer a physical threat. Even if the evidence were relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," which the Court finds the situation to be here. Fed. R. Evid. 403. The Court **GRANTS** the motion to exclude this testimony.

### IV.

For the foregoing reasons, the Court, in accordance with this Opinion and Order, **GRANTS IN PART AND DENIES IN PART AND HOLDS IN ABEYANCE IN PART** Plaintiff's Motion *in Limine*. (ECF No. 299). This ruling is subject to modification if the facts or circumstances at trial differ from the pre-trial motions and memoranda.

**IT IS SO ORDERED.**

**10/28/2021**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**