**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ADRIENNE HOOD,**

       **Plaintiff,**

                             **Case No. 2:17-cv-471**
      **v.**                         **JUDGE EDMUND A. SARGUS, JR.**
                               **Magistrate Judge Elizabeth P. Deavers**

**JASON S. BARE,** *et al.*,

       **Defendants.**

**<u>FINAL JURY INSTRUCTIONS</u>**

i

# **TABLE OF CONTENTS**

| Instruction No.   Description | Page |
|---|---|
| Instruction No. 1 (Province of the Court) | 1 |
| Instruction No. 2 (Province of the Jury) | 2 |
| Instruction No. 3 (All Persons Equal Before the Law) | 3 |
| Instruction No. 4 (Duties of the Jury) | 4 |
| Instruction No. 5 (Evidence) | 5 |
| Instruction No. 6 (Inadmissible and Stricken Evidence) | 6 |
| Instruction No. 7 (Stipulations) | 7 |
| Instruction No. 8 (Direct Evidence; Circumstantial Evidence) | 8 |
| Instruction No. 9 (Inferences Defined) | 9 |
| Instruction No. 10 (Credibility of Witnesses) | 10–11 |
| Instruction No. 11 (Expert Witnesses) | 12 |
| Instruction No. 12 (Burden of Proof) | 13 |
| Instruction No. 13 (Preponderance of the Evidence) | 14 |
| Instruction No. 14 (If You Find or If You Decide) | 15 |
| Instruction No. 15 (General Statement of the Case) | 16 |
| Instruction No. 16 (Section 1983) | 17 |
| Instruction No. 17  (Section 1983 – Action Under Color of State Law) | 18 |
| Instruction No. 18  (Section 1983 – Deprivation of a Federal Right) | 19–20 |
| Instruction No. 19  (Section 1983 – Malice) | 21 |
| Instruction No. 20  (Claim for Assault and Battery) | 22–23 |
| Instruction No. 21  (Damages – Generally) | 24 |
| Instruction No. 22  (Compensatory Damages) | 25 |
| Instruction No. 23  (Deliberations and Verdict Information) | 26 |
| Instruction No. 24  (Duty to Deliberate) | 27 |
| Instruction No. 25  (Form of Verdict) | 28 |
| Instruction No. 26  (Experiments, Research, and Investigation) | 29 |
| Instruction No. 27  (Instructions and Form Do Not Recommend Any Particular Verdict) | 30 |
| Instruction No. 28  (Notify Court Security Officer When Verdict is Ready) | 31 |
| Instruction No. 29  (Written Instructions) | 32 |

**Instruction No. 1**

**PROVINCE OF THE COURT**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, the time has come to instruct you as to the law governing the case.

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the Court and to apply the law so given to the facts as you find them from the evidence before you.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

**Instruction No. 2**

**PROVINCE OF THE JURY**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Complaint of Plaintiff Adrienne Hood, the Administrator of the Estate of Henry Green, whom I may refer to as "Plaintiff," or "Ms. Hood," against Defendants Officer Jason Bare and Officer Zachary Rosen, whom I may refer to jointly as "Defendants," or separately as "Officer Bare" and "Officer Rosen."

You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The parties and the public expect that you will carefully and impartially consider all the evidence, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

**Instruction No. 3**

**ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**Instruction No. 4**

**DUTIES OF THE JURY**

Counsel in this case may have referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinions about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

**Instruction No. 5**

**EVIDENCE**

The evidence in this case consists of the sworn testimony of the witnesses and all the exhibits which have been received into evidence. The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: (1) statements and arguments of the attorneys; (2) questions and objections of the attorneys; (3) testimony that I instruct you to disregard; and (4) anything you may see or hear when court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case. However, you are not limited to the bald statements of the witnesses, but you are permitted to draw from the facts which you have found have been proved, such reasonable inferences as seem justified in the light of your own experience. This is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

**Instruction No. 6**

**INADMISSIBLE AND STRICKEN EVIDENCE**

It is the duty of the lawyers to object when the other side offers testimony or other materials which a lawyer believes are not properly admissible in evidence.  If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been.  If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

**Instruction No. 7**

**STIPULATIONS**

Statements and arguments of the lawyer are not evidence in the case, unless made as an admission or stipulation of fact.  A stipulation is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless instructed otherwise, accept the stipulation as evidence, and regard that fact as proved.

 I have already read to you the stipulations the parties have reached. I have attached them to these instructions for you to view during deliberation.

**Instruction No. 8**

**DIRECT EVIDENCE; CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence.

**Instruction No. 9**

**INFERENCES DEFINED**

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts that have been established by the evidence in the case.

**Instruction No. 10**

**CREDIBILITY OF WITNESSES**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Instruction No. 11**

**EXPERT WITNESSES**

You have heard from witnesses who are experts in a particular field because of their special education, knowledge, and/or experience.  Such expert witness testimony is admitted for whatever assistance it may provide to help you arrive at a just verdict.

As with other witnesses, the duty of deciding what weight to give to the testimony of an expert witness rests on you alone.  In deciding what weight to give to an expert's testimony, you may consider the expert's skill, experience, knowledge, veracity, and familiarity with the facts of this case.  You should also apply the same rules that apply to other witnesses when testing the credibility of each expert witness and deciding what weight to give his or her testimony.

**Instruction No. 12**

**BURDEN OF PROOF**

Unless I instruct you otherwise, the burden of proof in this case is on the Plaintiff, Ms.

Hood, to prove her claim and any damages by a preponderance of the evidence, which I will define

for you.

**Instruction No. 13**

**PREPONDERANCE OF THE EVIDENCE**

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, or of greater probative value.  It is the quality of the evidence that must be weighted.  Quality may, or may not, be identical with quantity.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence, regardless of who produced it.

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

**Instruction No. 14**

**IF YOU FIND OR IF YOU DECIDE**

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

15

**Instruction No. 15**

**GENERAL STATEMENT OF THE CASE**

In this case, Plaintiff Adrienne Hood who is the mother of Henry Green, deceased, claims that the two defendants Zachary Rosen and Jason Bare wrongfully and unlawfully shot her son to death on June 6th, 2016. Officer Rosen and Officer Bare deny these claims.

Ms. Hood claims that Officers Rosen and Bare violated her son's Constitutional rights, specifically the Fourth Amendment which says, "the right of the people to be secure in their person against unreasonable…seizures shall not be violated." Plaintiff also claims the two defendants committed assault and battery against her son.

As you have heard, this case has already been reviewed by the Court of Appeals, a group of judges who hear appeals from this Court. Another judge of this Court, who has since passed, made a decision in this case that was appealed. The Court of Appeals then rendered a binding legal decision that must be followed in this trial.

In this matter, the Court of Appeals broke the case into two parts: the first shots and the second shots. The Court of Appeals has held, and you and I are bound to follow their decision, that the first shots part of this case is not to be decided by a jury. You will decide whether there were second shots that were of a different nature than the first shots, and whether the second shots were reasonable or unreasonable. The second shots were reasonable, if in the same circumstances, a reasonable officer would view Mr. Green as a threat. The second shots were unreasonable if, in the same circumstances, a reasonable officer would not view Mr. Green as a threat.

Again, you will not be deciding the reasonableness of the first shots, but the facts surrounding the first shots will be considered by you in deciding Ms. Hood's claim concerning the second shots.

Because of the Court of Appeals decision, the plaintiff may only recover for injuries caused to Henry Green from second shots, if there were second shots.

I will now instruct you more fully on the issues you must address in this case.

16

**Instruction No. 16**

**SECTION 1983 - GENERALLY**

Ms. Hood is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Ms. Hood must prove both of the following elements by a preponderance of the evidence:

First:  Officer Rosen and Officer Bare acted under color of state law.

Second: While acting under color of state law, Officer Rosen and Officer Bare deprived Mr. of a federal constitutional right.

**Instruction No. 17**

**SECTION 1983 – ACTION UNDER COLOR OF STATE LAW**

The first element of Mr. Green's § 1983 claim is that Officer Rosen and Officer Bare acted under color of state law.  Because Officers Rosen and Bare were officials of the city of Columbus at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of Mr. Green's claim is not in dispute, and you must find that this element has been established.

**Instruction No. 18**

**SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT**

The second element of Ms. Hood's claim is that Officer Bare and Officer Rosen deprived him of a federal constitutional right.

The Fourth Amendment to the Constitution of the United States protects persons from being subjected to excessive force. In other words, a law enforcement official may only use the amount of force necessary under the circumstances. Every person has the constitutional right not to be subjected to excessive force.

In this case, Ms. Hood claims that Officer Rosen and Officer Bare used excessive force by continuing to shoot at Mr. Green after he was no longer a physical threat to them. In order to establish that Officer Rosen and Officer Bare used excessive force, Ms. Hood must prove both of the following by a preponderance of the evidence:

First: Officer Rosen and Officer Bare intentionally committed certain acts.

Second: Those acts violated Mr. Green's Fourth Amendment right not to be subjected to excessive force.

In determining whether Officer Rosen's and Officer Bare's acts constituted excessive force, you must ask whether the amount of force Officer Rosen and Officer Bare used was the amount which a reasonable officer would have used under similar circumstances. You should consider all the relevant facts and circumstances leading up to the incident and during the shooting that Officer Rosen and Officer Bare reasonably believed to be true at the time of the shooting. You should consider those facts and circumstances to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include:

19

- Whether Mr. Green posed an immediate threat to the safety of Officer Rosen and Officer Bare or others;

- Any efforts made to temper the severity of a forceful response;

- The duration of Officer Rosen and Officer Bare's action; and

- The relationship between the need and the amount of force used.

The reasonableness of Officer Rosen and Officer Bare's acts must be judged from the perspective of a reasonable officer on the scene rather than with the vision of 20/20 hindsight. The law permits the officer to use only that degree of force necessary. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Ms. Hood must prove that Officer Rosen and Officer Bare intended to commit the acts in question; but apart from that requirement, Officer Rosen and Officer Bare's actual motivation is irrelevant. If the force Officer Rosen and Officer Bare used was unreasonable, it does not matter whether Officer Rosen and Officer Bare had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable. A negligent act standing alone is not sufficient to establish liability in this case.

What matters is whether Officer Rosen and Officer Bare's acts were objectively reasonable in light of the facts and circumstances confronting them.

**Instruction No. 19**

**SECTION 1983 -- MALICE**

If you find that Officer Rosen or Officer Bare violated Mr. Green's rights under Section 1983, you will also determine whether Officer Rosen or Officer Bare acted with malice.

In a Section 1983 action, a defendant is found to have acted with malice if the defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of Mr. Green.[1]

Before, I told you that the burden of proof in this case is generally a preponderance of the evidence. This is the one exception. Plaintiff must show Officer Bare or Officer Rosen acted with malice by clear and convincing evidence.

Clear and convincing evidence is an intermediate standard of proof in which the evidence establishes a fact to a lesser degree than beyond a reasonable doubt, but establishes a fact to a greater degree than by a preponderance of the evidence. In other words, clear and convincing evidence consists of evidence which establishes in the mind of the trier of fact "a firm belief or conviction as to the allegations sought to be established."[2]

---

[1] *See Brown v.* Brown, 446 F. App'x 324, 325 (6th Cir. 2002) (citing Smith *v. Wade*, 461 U.S. 30, 56 (1983)).

[2] *Hobson v. Eaton*, 399 F.2d 781, 784 n.2 (6th Cir. 1968) *cert. denied,* 394 U.S. 928, 22 L. Ed. 2d 459, 89 S. Ct. 1189 (1969).

**Instruction No. 20**

**CLAIM FOR ASSAULT AND BATTERY**

Ms. Hood also makes a claim under Ohio law that Officer Rosen and Officer Bare committed assault and battery against Mr. Green when the Officers fired the "Final Shots" at Mr. Green.

An assault is the intentional attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact. Words alone do not constitute assault, but must be coupled with some definite act by one with apparent ability to carry out the offensive act.

Battery is intentional, unconsented, contact with another. Contact with another may include contact with his/her clothing or objects held by him/her, including a gunshot. A battery may occur without actual physical harm.

Under Ohio law, Officers Bare and Rosen are entitled to immunity on the assault and battery claim unless Ms. Hood has proved that the Officer's "Final Shots" were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

If you decided the "Final Shots" were objectively reasonable, then you must find in favor of the Officers on this claim. If you decided that Ms. Hood proved that the force used was unreasonable under the circumstances, then you must consider whether the Officers acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

"Malice" refers to a willful and intentional design to do injury, or the intention or design to harm another, usually seriously, through conduct which is unlawful or unjustified.

"Malicious" means indulging or exercising malice or harboring ill will or enmity.  In order to act with "malicious purpose," an officer must act with a willful intention designed to do injury or to harm another.

"Bad faith" implies sinister motive that has no reasonable justification.  Bad faith embraces more than bad judgment or negligence.

"Wanton" misconduct is the failure to exercise any care whatsoever.  Mere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the actor.  Such perversity must be under such conditions that the actor must be conscious that his conduct will, in all likelihood, result in an injury.

"Reckless" conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is substantially greater than that necessary to make the conduct negligent.

Ms. Hood has the burden of proving that Officers Rosen and Bare acted with malicious purpose, or in bad faith, or in a wanton or reckless manner.  If you find that Ms. Hood has failed to meet this burden, you must find in favor of Officers Rosen and Bare on the assault and battery claim.

**Instruction No. 21**

**DAMAGES - GENERALLY**

I will now instruct you on the law of damages as it relates to the plaintiff's claims.  If you find in favor of Ms. Hood on one or both claims, then you must determine the issue of damages.  At this point in the case, I have no way of knowing what your verdict will be.  The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff by a preponderance of the evidence in the case in accordance with the other instructions.

You are instructed that damages are not presumed, nor may they be based upon speculation or guess work; they must be proven.  You must also understand that the burden is on the Ms. Hood to prove by the greater weight of the evidence each element of damage that she claims.  Unless such item or element claimed is proven by a preponderance of the evidence, the plaintiff cannot recover damages on that item or element of damage.

Ms. Hood should be neither undercompensated nor overcompensated for her injuries.  You must arrive at a reasonable and just award in view of the evidence.  You are in no way bound by, nor should you use, any rigid mathematical formula.  The determination of damages is solely your function, not the function of counsel, and must be based on proper evidence.

**Instruction No. 22**

**COMPENSATORY DAMAGES- SECTION 1983 AND/OR ASSAULT AND BATTERY**

If you find for Ms. Hood on her claims under 42 U.S.C. Section 1983 or her assault and battery claims, you must determine damages. You may only award damages for injuries resulting from the second shots, meaning, shots that were objectively unreasonable.

Ms. Hood has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate Ms. Hood for Mr. Green's deprivation of civil rights and/or assault and battery proximately caused by Officer Rosen and/or Officer Bare. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial.

If you find in favor of Ms. Hood, you will determine the types of damages to which Ms. Hood is entitled. These damages may include damages to Mr. Green for injury during his lifetime, following the shooting and prior to his death.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. As to the 1983 claim, Mr. Green's physical or emotional pain and mental anguish.

2. Ms. Hood's emotion pain and mental anguish.

**Instruction No. 23**

**DELIBERATIONS AND VERDICT INFORMATION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. The foreperson acts as the chairperson of the meeting and is your spokesperson in court.  He or she must see to it that the charges and the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

After you have arrived at the verdict, which must be unanimous, the foreperson and all jurors will sign the verdict form on the lines as indicated.  Once you start deliberating, do not talk to the courtroom deputy, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, signed by any of you, and then give them to the court security officer, who will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits will be sent to the jury room with you so you can review them during your deliberations.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  For example, do not write down or tell anyone outside the jury room that you are split 5-2, or 6-1, or whatever your vote happens to be.  That should stay confidential until you are finished.

**Instruction No. 24**

**DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. And I mention again, your verdict must be unanimous.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

Listen carefully to what other jurors have to say, and then decide for yourself if the plaintiff has proven her claims by a preponderance of the evidence. Remember that, if you chose to take notes, the notes are for your personal use and should not be shared with other jurors. It is important that each juror rely solely on his or her recollection and not on another juror's notes.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

**Instruction No. 25**

**FORM OF VERDICT**

The Court will provide you with the verdict form which you will have with you in the jury room.  I will now read this to you.

**Instruction No. 26**

**EXPERIMENTS, RESEARCH, AND INVESTIGATION**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any test or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter; to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Make your decision based only on the evidence that you saw and heard here in court.

**Instruction No. 27**

**INSTRUCTIONS AND FORM DO NOT RECOMMEND ANY PARTICULAR VERDICT**

I caution you that nothing said in these instructions and nothing in the verdict forms prepared for your convenience is to suggest or convey in any way the verdict I think you should return.  The verdict you return is your exclusive duty and responsibility as jurors.

**Instruction No. 28**

**NOTIFY COURT SECURITY OFFICER WHEN VERDICT IS READY**

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the

Court.

**Instruction No. 29**

**WRITTEN INSTRUCTIONS**

The written form of the instructions on the law I have just given you will be available to you in the jury room.

These instructions, which are contained in a three-ring binder, are placed in the charge of the foreperson you elect.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

You may pass these instructions from juror to juror for individual reading and consideration, but you may not remove any one of the individual sheets from the binder.

These written instructions, which are in exactly the same language as I have given them to you orally, represent the law that is applicable to the facts, as you find the facts to be.

There is a table of contents on the first page of these instructions. You may readily locate any particular instruction by referring to this list.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ADRIENNE HOOD,**

        **Plaintiff,**

    **v.**

**JASON S. BARE,** *et al.*,

        **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

## <u>VERDICT FORM NO. 1</u>

Do you find, by preponderance of the evidence, that Defendant Officer Zachary Rosen, while acting under color of state law, violated Henry Green's constitutional right to be free from excessive force?  (Regardless of your answer, proceed to the second form.)

      _____    Yes
              - or -
      _____    No

Signed:

_____     _____
(Foreperson)                         (Date)

_____     _____

_____     _____

_____     _____

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ADRIENNE HOOD,**

        **Plaintiff,**

    **v.**

**JASON S. BARE,** *et al.*,

        **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

## VERDICT FORM NO. 2

      Do you find, by preponderance of the evidence, that Defendant Officer Zachary Rosen acted maliciously, in bad faith, wantonly, or recklessly in committing an assault and battery against Henry Green? (If you answer "Yes" to Verdict Form 1, Verdict Form 2, or both, complete the remaining forms.)

          _____    Yes

                    - or -

          _____    No

Signed:

_____      _____

(Foreperson)                           (Date)

_____      _____

_____      _____

_____      _____

_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ADRIENNE HOOD,**

           **Plaintiff,**

    **v.**

**JASON S. BARE,** *et al.*,

           **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

**VERDICT FORM NO. 3**

Only complete this form if you answered "Yes" on Verdict Forms 1 or 2 or both. Do you find that Defendant Officer Zachary Rosen acted maliciously or wantonly in violating Henry Green's constitutional rights?

        _____    Yes
                  - or -
        _____    No

Signed:

_____

(Foreperson)

_____

_____

_____

_____

(Date)

_____

_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ADRIENNE HOOD,**

        **Plaintiff,**

    **v.**

**JASON S. BARE,** *et al.*,

        **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

**<u>VERDICT FORM NO. 4</u>**

Only complete this form if you answered "Yes" to either Verdict Forms 1 or 2 or both.
What compensatory damages to Ms. Hood do you award against Defendant Officer Zachary Rosen?


Compensatory Damages         $ _____


Signed:

_____
(Foreperson)

_____

_____

_____

_____

_____
(Date)

_____

_____

_____

36

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ADRIENNE HOOD,**

        **Plaintiff,**

    **v.**

**JASON S. BARE,** *et al.*,

       **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

## <u>VERDICT FORM NO. 5</u>

Do you find, by preponderance of the evidence, that Defendant Officer Jason Bare, while acting under color of state law, violated Henry Green's constitutional right to be free from excessive force?  (Regardless of your answer, proceed to the second form.)

          _____    Yes
                 - or -
          _____    No

Signed:

_____        _____
(Foreperson)                                (Date)

_____        _____

_____        _____

_____        _____

_____

37

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ADRIENNE HOOD,**

        **Plaintiff,**

    **v.**

**JASON S. BARE,** *et al.***,**

      **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

<u>**VERDICT FORM NO. 6**</u>

Do you find, by preponderance of the evidence, that Defendant Officer Jason Bare acted maliciously, in bad faith, wantonly, or recklessly in committing an assault and battery against Henry Green? (If you answer "Yes" to Verdict Form 1, Verdict Form 2, or both, complete the remaining forms.)

      _____    Yes

            - or -

      _____    No

Signed:

_____         _____

(Foreperson)                                   (Date)

_____         _____

_____         _____

_____         _____

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ADRIENNE HOOD,**

               **Plaintiff,**

     **v.**

**JASON S. BARE,** *et al.*,

         **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

**VERDICT FORM NO. 7**

Only complete this form if you answered "Yes" on Verdict Forms 1 or 2 or both. Do you find that Defendant Officer Jason Bare acted maliciously or wantonly in violating Henry Green's constitutional rights?

               _____    Yes

                        - or -

               _____    No

Signed:

_____      _____

(Foreperson)                           (Date)

_____      _____

_____      _____

_____      _____

39

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ADRIENNE HOOD,**

              **Plaintiff,**

      **v.**

**JASON S. BARE,** *et al.*,

           **Defendants.**

**Case No. 2:17-cv-471**

**JUDGE EDMUND A. SARGUS, JR.**

**VERDICT FORM NO. 8**

Only complete this form if you answered "Yes" to either Verdict Forms 1 or 2 or both. What compensatory damages to Ms. Hood do you award against Defendant Officer Jason Bare?

               Compensatory Damages            $ _____

Signed:

_____

(Foreperson)

_____

_____

_____

_____

(Date)

_____

_____

_____

40