# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADRIENNE HOOD, | Case No. 2:17-cv-471 |
| Plaintiff, | Judge Edmund A. Sargus, Jr. |
| v. | Magistrate Judge Elizabeth A Preston Deavers |
| JASON BARE, *ET AL.*, | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** |
| Defendants. | |

Plaintiff Adrienne Hood has filed a SUPPLEMENTAL MOTION *IN LIMINE* seeking to exclude witnesses, subjects of testimony, and various exhibits from trial. (Doc.365 #15407-12). For the following reasons, Defendants Jason Bare and Zachary Rosen (collectively "Defendants") ask that Plaintiff's motion be denied.

**I.     ADOPTION OF PRIOR FILINGS**

Some of the topics discussed in PLAINTIFF'S SUPPLEMENTAL MOTION *IN LIMINE* were previously argued in one or more of the following filings: (1) Defendants' October 12, 2021 MOTION *IN LIMINE* (Doc.290 #10447-57); (2) Plaintiff's October 21, 2021 MOTION *IN LIMINE* (Doc.299 #10517-31); (3) Defendants' October 27, 2021 MEMORANDUM IN OPPOSITION (Doc.317 #14054-63); and (4) Defendants' October 27, 2021 SUPPLEMENTAL MOTION *IN LIMINE* (Doc.319 #14072-84). Defendants adopt their previous filings as if fully rewritten herein. These repeat topics are as follows:

**A.     MOTION IN LIMINE #1**

Motion *in limine* #1 seeks the admission of testimony "to the counseling that Zachary Rosen received following a sustained complaint of Officer Rosen following a citizen, initiating a

traffic stop, and issuing a citation in retaliation on June 7, 2015." PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE at p.3 (Doc.365 #15409). The same subject (then identified as "Exhibit 38: Citizen Complaint Investigation Rosen by Dustin Fistick") was argued in Defendants' October 12, 2021 MOTION IN LIMINE (Doc.290 #10455) and October 27, 2021 SUPPLEMENTAL MOTION IN LIMINE (Doc.319 #14076-77). Of course, the relevant question pertaining to Plaintiff's Section 1983 claim is spelled out in detail in JURY INSTRUCTION NO. 18 (Doc.341 #14477-78) which specifically states, "What matters is whether Officer Rosen and Officer Bare's acts were objectively reasonable in light of the facts and circumstances confronting them."

As previously argued, any evidence, testimony, or statements relating to any other lawsuits, complaints, investigations, discipline, or incidents involving the Officers must be excluded as it is irrelevant, unfairly prejudicial, confusing to the jury, and precluded by Fed. R. Evid. 404(b)(1). The Court previously excluded this testimony and evidence. *See* MOTION IN LIMINE ORDER (R.321 #14095-98). Defendants ask the Court to adopt its previous ruling.

### B. EVIDENCE REGARDING THE TOTALITY OF THE CIRCUMSTANCES INCLUDING THE THREAT POSED BY GREEN

Plaintiff has once again asked the Court for the following order: "(6) Defendants' arguments should not include the first encounter with Henry Green and should not attempt to state that there are not two sets of shots as these have been ruled on previously…" PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE at p.2 (Doc.365 #15408). These issues have already been briefed at length and ruled on by the Court. Simply put, Plaintiff alleges that second shots occurred after Mr. Green was no longer a threat to the safety of the Officers. Defendants deny that they continued to shoot when Mr. Green was no longer a threat to them and assert that all of the shots were part of a single incident that lasted only 3-5 seconds. Thus, this case involves two issues. First, did the Officers fire second shots that were of a different nature than the first shots? And if

so, was the firing of the second shots reasonable or unreasonable under the circumstances? Those are the questions left for the jury. They have never been answered by any court. The parties have already had one trial addressing these very topics.

The jury must decide if the Officers shot Green at a time when they lacked probable cause to believe he posed a serious safety threat (*i.e.*, whether they shot Green when it was unreasonable to do so). Defendants discussed this issue at length in a separate briefing as to the scope of the trial. DEFENDANTS' BRIEF ADDRESSING SCOPE OF TRIAL (Doc.316 #14046-53). Defendants incorporate that analysis herein. But simply put, in order to present the Officers' case to the jury, it is critical to discuss the totality of the circumstances, which includes evidence regarding the threat that Green posed to the Officers, the severity of the crime at issue, and the Officers' prior interactions with Green. This includes Green's pointing a gun at the Officers. *See Greathouse v. Couch*, 433 F. App'x 370, 373 (6th Cir. 2011). And of course evidence regarding the fact that Green had a gun and was shooting at Rosen and Bare (at any point during the incident) is central to the remaining issues for trial.

Accordingly, Plaintiff's motion *in limine* must be denied. Defendants adopt their previous arguments and request that the Court adopt its previous rulings on these matters. *See* MOTION IN LIMINE ORDER at pp. 4-5(R.322 #14104-05).

## II. NEW TOPICS

### A. MOTION IN LIMINE #2

Motion *in limine* #2 requests that if Defendants have used governmental property and/or resources for jury selection purposes that information should be available to all counsel. Defendants believe that Plaintiff is referring to police databases. Defendants have not used, and

will never use, "governmental property and/or resources" for jury selection purposes.[1] Any information regarding jury selection, including potential jurors, is already available to all counsel and the general public.

### B. MOTION IN LIMINE #3

Motion *in limine* #3 requests that the Court direct Defendants to not strike jurors based on race nor target jurors based on their race. Defendants have never stricken nor targeted a juror based on race. Plaintiff's requested order is unnecessary as that type of behavior is already illegal.

### C. MOTION IN LIMINE #4

Motion *in limine* #4 requests that the Court issue an order preventing the City of Columbus Police Department "from parking en masse in front of the courthouse at the same time that the jury is entering and/or exiting the courthouse. This action is indicative an intimidation maneuver." No members of CPD have attempted to intimidate jurors by parking in front of the courthouse or by any other methods. Defendants are unaware of any juror complaints about the matter. CPD headquarters happens to be located across the street from the courthouse and Plaintiff's requested order would cause serious logistical problems and must be denied.

### D. MOTION IN LIMINE #5

Motion *in limine* #5 requests that the Court issue an order preventing Defendants "from standing in front of the courthouse at the same time that the jury is entering and/or exiting the courthouse. This action is indicative of an intimidation maneuver." Defendants have never attempted to intimidate jurors by standing in front of the courthouse or by any other methods. Defendants are unaware of any juror complaints about the matter. Defendants did not stand in front

---

[1] Defendants' counsel work in a governmental office, but Defendants do not believe that fact is the topic of Plaintiff's request.

of the courthouse before the last trial nor interact with any of the jurors. Of course, Defendants have every right to access the courthouse like anyone else. Plaintiff's requested order must be denied.

### E.  MOTION IN LIMINE #6

Motion *in limine* #5 "asks that parties address the Court with candor." Defendants have always addressed this Court and all other courts with candor. Plaintiff's requested order is unnecessary as candor toward the tribunal is already required by Ohio R. Prof'l. Cond. 3.3.

### F.  MOTION IN LIMINE #7

Motion *in limine* #7 asks the Court to limit Defendants' testimony to exclude "[t]estimony that is only used to garner sympathy and has nothing to do with the trial at hand…" According to Plaintiff, "Defendants cannot ask that the jury should disregard the eyewitness testimony of Jamar Jordan based on sympathy for their clients and that they 'have been accused of doing something they absolutely did not do and that is a horrible thing to live through'." Plaintiff fails to recognize that it is the Defendants' position that they have been accused of doing something they absolutely did not do. They have consistently denied Plaintiff's allegations from the start. They have every right to explain that to the jury. This is a tragedy for everyone involved, including the Defendants. But a review of the Defendants' closing argument reveals that they only argued the facts and law. Defendants specifically told the jury that they must set sympathy aside when making their decision. Defendants did not make any improper arguments. This motion *in limine* must be denied.

### G.  MOTION IN LIMINE #8

Motion *in limine* #8 "asks that parties do not make misstatements of testimony to the jury." Defendants have not previously made misstatements of testimony to the jury and will not do so in the upcoming trial. Plaintiff's requested order is unnecessary. A review of Plaintiff's specific

complaints reveals the lack of any "misstatements of testimony" or improper arguments that should be excluded. These are merely factual disputes for the jury to decide. The Officers have every right to present their defense at trial. In an abundance of caution, Defendants will respond to Plaintiff's specific complaints.

**(1) Defendants' arguments should reflect what actual testimony and evidence will show with regard to citizens witnessing the incident rather than stating that no one was outside of their house, especially eyewitness Jamar Jordan**

Both Officers testified that Mr. Jordan was not outside of his house during the shooting. The cruiser video supports the Officers' testimony as does the statement Mr. Jordan made to Detective Kestner on the night of the shooting. The jury can decide if it believes the Officers or Mr. Jordan.

**(2) Defendants arguments should reflect what actual testimony and evidence will show with regard to Henry Green being a threat to everybody in the area**

Mr. Green was walking into traffic and brandishing a gun at two separate locations and he shot six bullets at Officer Rosen at Ontario and Duxberry. Mr. Green was a threat to everybody in the area.

**(3) Defendants cannot make arguments with regard to shots being fired ceased immediately upon Henry Green dropping his gun without testimony and evidence to substantiate that argument**

Both Officers testified that they immediately stopped shooting when Mr. Green dropped his gun. The physical, audio visual, and forensic evidence support the Officers' testimony. The jury can decide if it believes the Officers or Mr. Jordan.

**(4) Defendants argument that the officers calling for a medic for Henry Green is somehow an indication of their character should not be allowed. If so, then Plaintiff should be allowed to present evidence of citizens' complaints of excessive use of force against Officers Rosen and Bare**

6

While it is the Plaintiff's position that the Officers "executed" Mr. Green after it was no longer reasonable to believe Mr. Green posed a threat, it is the Officers' testimony that when Mr. Green dropped his gun, (a) they immediately stopped shooting; (b) they held cover over Mr. Green; and (c) within seconds they aired for a medic who promptly arrived at the scene and transported Mr. Green to the hospital. This has nothing to do with the Officers' "character." It has everything to do with the Officers' actions during this specific incident, their real-time statements, and the all-important timing of the incident.[2] It is the Officers' position that their radio calls (which were part of a joint exhibit in the last trial) help prove what was occurring during the incident and help disprove Plaintiff's allegations (including her allegations regarding wrongful death and punitive damages). The Officers did not take unreasonable shots at Mr. Green. Instead, they immediately got him medical attention. The jury can hear the evidence and decide who to believe.

**(5) Defendants' arguments with regard to events that did not occur, i.e. Ericka Hickman was thrown into a vehicle with a baby on top of her, Henry Green switches hands while firing, should not be allowed without testimony and evidence to support said arguments.**

Ericka Hickman specifically testified that when the shooting started, Harold Newsome grabbed her and pushed her into his eastbound facing truck and put her son on top of her in the truck. TRIAL TRANSCRIPT VOL. 2 at pp. 97-98 (Doc.348 #14811-12).

Nobody testified that Mr. Green "switched hands while firing." Plaintiff just takes issue with the Officers' testimony that Mr. Green was shooting at Officer Rosen with a gun in his left

---

[2] From 6:10:20 p.m. to 6:10:43 p.m., Officer Rosen aired: "6410. Duxberry, Ontario. Two male blacks walking northbound. Red tanktop, black shorts, short hair on one. Just pulled a 33 on us. We are swinging around the block."
At 6:11:18 p.m., Officer Bare aired "Shots fired! Shots fired!"
At 6:11:31 p.m., Officer Rosen aired "Duxberry and Ontario, shots fired!"
At 6:11:51 p.m. Officer Rosen aired "Start the medic, please!"
At 6:12:07 p.m. Officer Rosen aired "Duxberry and Ontario. Run cars into us." By that point, people, including Mr. Jordan, started to come out of their houses. They looked over and saw the Officers holding cover over the scene.
At 6:12:37 p.m. Officers Paul Lively and Brian Connelly arrived at the scene and the rest of the incident is caught by their cruiser camera.

hand[3] when Mr. Jordan testified that Mr. Green was shooting the gun with his right hand. The jury can decide if it believes the Officers or Mr. Jordan.

## III. CONCLUSION

For the reasons stated above, Defendants jointly and respectfully ask this Court to deny Plaintiff's motion *in limine* in its entirety.

                                                       Respectfully submitted,

                                                       /s/ Westley M. Phillips
                                                       Westley M. Phillips (0077728) – LEAD
                                                       Alana Valle Tanoury (0092265)
                                                       CITY OF COLUMBUS, DEPARTMENT OF LAW
                                                       77 North Front Street, Columbus, Ohio 43215
                                                       (614) 645-7385 / (614) 645-6949 (fax)
                                                       wmphillips@columbus.gov
                                                       avtanoury@columbus.gov

                                                       Attorneys for Defendants Jason Bare
                                                       and Zachary Rosen

---

[3] Antoine Moss also testified that the gun was in Mr. Green's left hand. TRIAL TRANSCRIPT VOL. 2 at pp. 135-36 (Doc.348 #14849-50).

## CERTIFICATE OF SERVICE

I hereby certify that, on **March 17, 2022**, I electronically filed the foregoing with the Clerk of the Court by using this Court's e-Filing System, which will send a notice of this electronic filing to all counsel of record in this matter:

    /s/ Westley M. Phillips
    Westley M. Phillips (0077728)