UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADRIENNE HOOD,**

      **Plaintiff,**

  v.                              Case No. 2:17-cv-471
                                    JUDGE EDMUND A. SARGUS, JR.
**JASON BARE,** *et al.,*          Magistrate Judge Elizabeth Preston Deavers

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on several pretrial motions:

- Defendants' Motion for Leave for Jury View of GMC Acadia (ECF No. 356)
- Defendants' Supplemental Motion in Limine (ECF No. 360)
- Plaintiff's Supplemental Motion in Limine (ECF No. 365)
- Plaintiff's Motion for Order to Entry (ECF No. 368) and Motion to Withdraw Order to Entry (ECF No. 371)
- Plaintiff's Motion for Leave to File an Amended Response in Opposition (ECF No. 375)
- Plaintiff's Motion for Leave to File Exhibits (ECF No. 382)
- Defendants' Motion for Leave to File Flash Drive (ECF No. 387)

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motions.

### I.    BACKGROUND

This matter arises out of the fatal police-involved shooting of Henry Green, V by Columbus Police Officers Jason Bare and Zachary Rosen on June 6, 2016. (Compl. ¶ 1, ECF No. 1.) Plaintiff Adrienne Hood, Mr. Green's mother and executor of his estate, commenced this lawsuit on June 1, 2017, asserting federal and state law claims against the City of Columbus, Officers Rosen and

Bare, and others. (*Id.* ¶¶ 21–26.) Following a complicated procedural history outlined in this Court's prior opinion, (Order, ECF No. 321), Plaintiff tried her remaining claims for excessive force, wrongful death, and assault and battery against Officers Rosen and Bare to a jury in November 2021. The jury did not reach a unanimous verdict and this Court declared a mistrial. (Minute Entry, ECF No. 339.) This case is set for retrial on April 18, 2022. Both parties have filed pretrial motions that are ripe for review.

## II. MOTION IN LIMINE STANDARD

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997)). Notwithstanding this well-meaning purpose, courts are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.,* 2 F. Supp. 2d 1385, 1388 (D.Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.,* 326 F. Supp. 2d at 846; *Koch,* 2 F. Supp. 2d at 1388; *cf. Luce,* 469 U.S. at 41. "Unless

2

evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.,* 326 F. Supp. 2d at 846.

### III. PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE

Plaintiff submitted a supplemental motion in limine, requesting: (1) the Court admit testimony that Defendant Officer Rosen received counseling after a citizen complaint in June 2015; (2) that Plaintiff have access to the same governmental property that Defendants use for jury selection purposes; (3) that Defendants be precluded from striking African American jurors during jury selection and not intimidate or target those jurors; (4) to preclude the Columbus Police Department from parking in front of the courthouse; (5) to preclude Defendant Officers Bare and Rosen from standing in front of the courthouse while the jury is entering or exiting the courthouse; (6) "that the parties address the Court with candor"; (7) to limit Defendant Officers Bare and Rosen's testimony used only to garner sympathy; (8) to preclude the parties from making misstatements of testimony to the jury. (ECF No. 365.)

**A. Officer Rosen's Counseling for 2015 Complaint**

First, Plaintiff moves the Court to "include testimony with regard to a reasonable police officer in Zachary Rosen's shoes would do in this situation, including but not limited to, testifying to the counseling that Zachary Rosen received following a sustained complaint of Officer Rosen following a citizen, initiating a traffic stop, and issuing a citation in retaliation on June 7, 2015." (ECF No. 365 at 3.) This Court previously ruled that evidence of prior lawsuits, complaints, investigations, discipline, or incidents involving the Defendant Officers is not admissible to show propensity. (ECF No. 321 at 12.) Officer Rosen's 2015 counseling is not relevant what a reasonable police officer would do on June 6, 2016 in Officer Rosen's situation. More likely, the evidence of

Officer Rosen's prior citizen complaint would be used to suggest his alleged propensity for improper behavior and would prejudice the jury. *See* Fed. R. Evid. 404(b), 403. Absent an admissible basis, the Court **DENIES** this motion. Plaintiff may ask the Court to reconsider this ruling based on evidence submitted at trial.

### B. Access to Government Property

Plaintiff moves the Court for access to the same government property or resources as the Defendants use when selecting the jury. (ECF No. 365 at 3.) Defendants argue in their reply that they only use resources available to the public when selecting the jury. (ECF No. 366 at 3.) Both parties receive the same information about potential jurors from the Court and have an equal opportunity to question potential jurors during voir dire. Plaintiff does not explain why she is entitled to additional information from Defendants or how the Defendants have more access to information than the Plaintiff. The Court **DENIES** this motion.

### C. Striking African American Jurors

Plaintiff moves to prevent Defendants from striking African American potential jurors or targeting African American jurors during questioning. The Court **DENIES** this motion because striking African American jurors on account of their race is already prohibited but striking an African American juror for another legitimate reason is permitted. *See Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that potential jurors may not be challenged solely on account of their race).

### D. Police Cars and Defendants' Presence Outside the Courthouse

Plaintiff requests that the Court prevent Columbus police from parking in front of the courthouse and Defendants from standing outside the courthouse when the jurors arrive and leave. The Court **DENIES** this motion because there are already rules that prohibit tampering and

4

intimidating the jury. The Columbus Division of Police headquarters are across the street from the courthouse and there is no evidence that the presence of police cars intimidate jurors.

### E. Request for Candor, Relevant Testimony, Misstatements to the Jury

Plaintiff asks that the parties address the Court with candor, that the Court permit only relevant testimony, and that the parties do not make misstatements to the jury. The Court **DENIES** these motions because the requests are already required by the Federal Rules of Civil Procedure and Rules of Professional Conduct. *See* Fed. R. Civ. P. 11 (requiring honest representations to the court); Fed. R. Evid. 401 ("irrelevant evidence is inadmissible"). Plaintiff may object if opposing counsel enters inadmissible evidence or makes misstatements of the evidence during trial.

### IV. DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE

Defendants move to exclude several closing arguments that Plaintiff made at the first trial and one expert report on Plaintiff's exhibit list. (ECF No. 360.) Plaintiff filed a response in opposition (ECF No. 372), a motion for leave to file an amended response in opposition (ECF No. 375), and an amended response in opposition (ECF No. 377). The Court **GRANTS** Plaintiff's motion for leave to file an amended response (ECF No. 375) and considers the amended response in this Opinion.

### A. Fourth Amendment Standard

Defendants request that Plaintiff's argument from the first trial be modified from "if there's no gun plus no threat and there are shots by the officers, then that is excessive force" to "if there's no gun and it's not reasonable to believe there is a threat and there are shots by the officers, then that is excessive force." Defendants contend the standard is whether it was "objectively reasonable to believe a threat existed when the Last Shots were fired." (ECF No. 360 at 3.)

5

The Court recognizes the balance between simplifying the issues for the jury and properly characterizing the standard of law. At this time, the Court will not prohibit Plaintiff's phrase "no gun and no threat equals no shots" because it is not meant as a complete description of the standard of law. Again, the standard "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). For now, the Court **DENIES** the motion to exclude the phrase "no gun and no threat equals no shots." Defendants are free to object if opposing counsel mischaracterizes the standard of law.

### B. Reasonableness of the Initial Shots

Defendants contend that Plaintiff's counsel argued the reasonableness of the Initial Shots and the encounter as a whole in his closing argument and should be precluded from doing so in the second trial. (ECF No. 360 at 4.) The transcript supports this contention but also shows the Defendants did not object. Defendants ask that if Plaintiff argues the reasonableness of Initial Shots, Defendants should be able to inform the jury that the Initial Shots were found reasonable.

The Court stands by its prior decision that the parties may introduce "evidence of the Initial Shots and the events leading up to the Initial Shots so that the jury can understand the context of the Last Shots." (Order, ECF No. 321.) The parties may not argue the reasonableness of the Initial Shots and, if they do, opposing counsel should object. The Court and the parties will not inform the jury that the Initial Shots were found reasonable by the Sixth Circuit.

As discussed during the final pretrial conference, the parties may ask for additional instructions to clarify the jury's proper consideration of the first shots.

### C. Mr. Green's Lifestyle, Job History, and Education

Defendants contend that Plaintiff discussed Mr. Green's financial damages and earning capacity in closing argument, and if Plaintiff is permitted to make those types of arguments, then the Defendants should be permitted to present evidence of Mr. Green's lifestyle, job history and education. (ECF No. 360 at 7.) Defendants include several transcript passages from the first trial closing argument. Plaintiff argues that she did not discuss Mr. Green's earning capacity during closing arguments. (ECF No. 377 at 8.)

Plaintiff's counsel stated, for example, "I will tell you that Henry Green's life isn't worth a few bucks…it's about a message to the community about Henry Green…the legacy that is no longer there…You heard Sergeant Hood talk about how there won't be anymore grandkids from Henry. If you would have got the chance to talk to his dad, you would know that that's a legacy that is gone now." (Transcript Vol. 5 at 25, ECF No. 351.) These statements argue for damages based on Henry's Green's legacy, uniqueness, and emotional value to his family—not his earning capacity. The Court stands by its prior decision that Defendants may only enter evidence of Henry Green's lifestyle, job history and education if Plaintiff argues for financial damages and earning capacity. The transcript statements submitted do not fall in that category. Defendants' motion is **DENIED**.

D.  **Dr. Michael Lyman's Expert Report**

Defendants move to exclude Dr. Michael Lyman's expert report on the grounds that it is inadmissible hearsay. (ECF No. 360 at 7.) Plaintiff does not argue an admissible basis. (ECF No. 377 at 9.) The Court agrees with Defendants. The report contains out-of-court statements that are inadmissible to the extent they are offered to show the truth of their contents, unless an exception to hearsay applies. Fed. R. Evid. 801, 802, 803. Plaintiff may enter the report's contents through

7

Dr. Lyman's testimony but may not enter the report itself into evidence absent an admissible basis under Fed. R. Evid. 803. The Court **GRANTS** Defendants' motion to exclude Dr. Lyman's report.

As to the parties' additional arguments regarding the substance of Dr. Lyman's testimony, the Court already ruled that Dr. Lyman may not opine whether the Last Shots were objectively unreasonable because that phrase has a particularized legal definition which the jury will use to decide the essence of this case. (*See* ECF No. 321 at 13.)

## V. DEFENDANTS' MOTION FOR JURY VIEW

Defendants move for a jury view of the GMC Acadia vehicle involved in the incident during their presentation of evidence at trial. (ECF No. 356.) Plaintiff submitted a response in opposition to the jury view, (ECF No. 364), and Defendants filed a reply (ECF No. 369). Plaintiff argues that the Court should not permit the jury view because the GMC Acadia is not in the same condition as it was at the time of the incident. Specifically, Defendants' experts altered the following car parts to remove bullets for analysis: (1) weather stripping on one window, (2) one interior door panel, and (3) the driver's side mirror.

First, Plaintiff argues that Defendants' expert replaced the weather strip on a window after examining it, even though a bullet shot by Officer Rosen from the inside of the vehicle had damaged the weather strip so that it was hanging. Defense expert Matthew Noedel testified that if the windowpane was rolled up at the time, that bullet could have shattered the windowpane from the inside. Plaintiff contends that this corroborates Plaintiff witness Jamar Jordan's testimony that Officer Rosen shot out the window and refutes Officer Rosen's testimony that he did not shoot out the window. This is important, Plaintiff argues, to attack Officer Rosen's credibility.

Defendants respond that this slight alteration of the vehicle should not preclude the jury view. The parties do not dispute that the weather strip was damaged by a bullet traveling from the

8

inside of the vehicle, and there are pictures of the original condition. Defendants also do not object to pulling the weather strip back so that is it hanging in its proper condition, if Plaintiff wishes.

The Court finds that the alteration of the weather strip does not preclude the jury view because there is adequate evidence to explain to the reason for the alteration. Furthermore, the parties may agree to pull back the weather stripping so that it is returned to the proper condition.

Second, Plaintiff argues that the missing driver's side mirror is unfairly prejudicial to the Plaintiff because the jury might think Henry Green shot the mirror off during the incident. (ECF No. 364 at 6.) Defendants respond that there are photographs showing the mirror when it was attached, and Defense experts will explain that the mirror was detached for processing. The Court finds that the missing mirror is not prejudicial because Plaintiff can show photographs of the mirror attached to the vehicle and explain that the mirror was only detached for processing and analysis.

Therefore, the Court **GRANTS** Defendants' motion for leave of jury view. At the pretrial conference, Plaintiff alternatively requested a jury view of the vehicle during Plaintiff's case in chief. The Court **GRANTS** her motion. The City of Columbus, Division of Police will transport the GMC Acadia to the Joseph P. Kinneary, U.S. Courthouse secure loading dock.

### IV. CONCLUSION

For the foregoing reasons, in accordance with this Opinion and Order:

- Defendants' Motion for Leave for Jury View of GMC Acadia (ECF No. 356) is **GRANTED**;

- Defendants' Supplemental Motion in Limine (ECF No. 360) is **GRANTED IN PART AND DENIED IN PART**;

- Plaintiff's Supplemental Motion in Limine (ECF No. 365) is **DENIED**;

- Plaintiff's Motion for Order to Entry (ECF No. 368) is **DENIED as moot** and Plaintiff's Motion to Withdraw Order to Entry (ECF No. 371) is **GRANTED** because Plaintiff subsequently filed a Motion Entry of Certified Order (ECF No. 380);

- Plaintiff's Motion for Leave to File an Amended Response in Opposition (ECF No. 375) is **GRANTED**;

- Plaintiff's Motion for Leave to File Exhibits (ECF No. 382) is **GRANTED**;

- Defendants' Motion for Leave to File Flash Drive (ECF No. 387) is **GRANTED.**

As with all in limine decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

    **IT IS SO ORDERED.**

**4/14/2022**                                    s/Edmund A. Sargus, Jr.
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**