IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADRIENNE HOOD,**

    **Plaintiff,**

v.

    Case No. 2:17-cv-00471
    **JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge Elizabeth A. Preston Deavers**

**JASON BARE, et al.,**

    **Defendant.**

## SPOLIATION OF EVIDENCE ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions (ECF No. 389). Plaintiff argues that the GMC Acadia vehicle, a piece of evidence in this case, was improperly altered by Defendants' expert. Defendants filed a response in opposition (ECF No. 392). For the reasons that follow, Plaintiff's Motion for Sanctions is **DENIED.**

Defendants Jason Bare and Zachary Rosen drove the GMC Acadia vehicle during the shooting between them and Henry Green on June 6, 2016. The GMC Acadia sustained numerous bullet holes and at least one broken window as a result of the shooting. On June 7, 2016, the GMC Acadia was transported to the Columbus Police Impound Lot and processed by Columbus police detectives. After processing, the Columbus Police returned the GMC Acadia to Enterprise Rental. On August 22, 2016, Plaintiff's counsel served a litigation hold letter on Defendants. The Columbus Police recovered the vehicle from Enterprise Rental on August 31, 2016. At some point between August 2016 and October 2021, defense expert Matthew Noedel removed an interior door panel and a rear-view mirror on the driver's side and moved a window weather strip to retrieve bullets.

Plaintiff contends that these alterations were significant and highly prejudicial to her case. She requests that the Court issues sanctions against Defendants, order Defendants to pay all fees and costs associated with filing their motion for sanctions and instruct the jury that the vehicle was spoliated.

Pursuant to Federal Rule of Civil Procedure 37, a court is authorized to impose sanctions on a party for spoliation of evidence. *Goldman v. Healthcare Mgmt. Sys., Inc.*, No. 1:05-CV-35, 2006 WL 3589065, at *1 (W.D. Mich. Dec. 8, 2006). When deciding whether to sanction a party for the spoliation of evidence, courts consider: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party. *See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263 (8th Cir. 1993); *Clark Constr. Group v. City of Memphis,* 229 F.R.D. 131, 138 (W.D. Tenn. 2006). A court will not find spoliation of evidence unless the party "destroyed evidence that [was] in its control, [and] unless the party did so in bad faith." *Tucker v. GMC*, 945 F.2d 405 (6th Cir. 1991) (collecting cases).

In the instant case, there is no evidence of bad faith on the part of the Defendants and the alterations do not prejudice the Plaintiff. First, as to the weather stripping that was positioned differently by Mr. Noedel, Defendants have offered to move the strip back to the position it was in following the shooting. Second, as to the detached mirror, there are ample pictures of the vehicle after the shooting but before processing with the mirror attached. Plaintiff's concerns that the jury will believe Mr. Green shot off the mirror are unfounded because the parties can stipulate that the mirror was attached after the shooting or Plaintiff can illicit testimony from Mr. Noedel that he removed the mirror. The same stipulations or evidence are available for the removed interior door panel. Plaintiff may explain that the interior door panel was removed for processing and display

2

pictures of the attached door panel during trial. In sum, this is not a case where evidence was deleted, lost, or materially changed without explanation. Plaintiff is not prejudiced by these alterations because there are numerous methods of explaining the three alterations to the jury. The Court **DENIES** Plaintiff's motion (ECF No. 389).

    IT IS SO ORDERED.

\_\_\_4-18-2022_____
**DATE**　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**